IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SAPPHIRE REID, <br>     PLAINTIFF, <br> <br> v. <br> <br> FOSTER AND MONROE LLC and <br> UNITED STATES FIRE INSURANCE COMPANY, <br>     DEFENDANT. | CASE NO.:  5:21-cv-01128 |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. This is a class action lawsuit for damages brought by plaintiff, Sapphire Reid ("Plaintiff") by and through her undersigned counsel, against Foster and Monroe LLC. ("F&M") and United States Fire Insurance Company ("USFIC"), pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. and the Texas Finance Code ("TFC") § 392.001, et seq.

### JURISDICTION AND VENUE

2. Jurisdiction of this court is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C § 1692k(d).

3. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.

5. Plaintiff resides in this Judicial District and Division.

6. Because F&M transacts business here, personal jurisdiction is established.

## PARTIES

7. Plaintiff is an adult individual residing in San Antonio, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

8. F&M is a company operating from western New York, more specifically the West Seneca, NY area.

9. F&M can be served via its registered agent in Texas, Registered Agents Inc., at 700 Lavaca Street, Suite 1401, Austin, TX 78701.

10. F&M is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

11. USFIC is the surety company for the bond F&M has on file with the Texas Secretary of State, bond number 602-131423-5.  USFIC is liable for acts committed by F&M pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

12. USFIC is a foreign entity that can be served in the state of Texas via its registered agent, Mike Hicks, its Regional Claims Manager, at 2400 Lakeside Blvd., Suite 200, Richardson, TX  75082.

## FACTUAL ALLEGATIONS

13. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account").  Specifically, Plaintiff believes the account was an old payday loan account that originated with Plain Green when Plaintiff needed money for various personal effects.

14. The Account was used in a personal manner by Plaintiff and was not used for business purposes.

15. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

16. After the Account allegedly went into default with the original creditor, the Account was purchased by F&M or otherwise placed with F&M for direct collection from Plaintiff.

17. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

18. Plaintiff admits the existence of the account, but disputes the amount F&M is attempting to collect.

19. Plaintiff requests that F&M cease all further communication on the Account.

20. F&M's collector(s) were employee(s) of F&M at all times mentioned herein and F&M acted at all times mentioned herein through its employee(s).

21. On or about October 28, 2021, F&M sent a threatening text message to Plaintiff's father.  The text message stated:

    "Sapphire Reid We are filing a Judgment on the Plaint Green account if not current by 10-29-21.  Call 855-304-5142 and ref HPJ2295.  Stop to Stop"

22. F&M sent a second text message to Plaintiff's father similar to the one described above.

23. F&M intended for these communications to Plaintiff's father to be communicated to Plaintiff.

24. Plaintiff's father did communicate the information in the text messages described above to her.

25. The threats to "fil[e] a judgment" were false, misleading and deceptive as there was no "judgment" to be filed and on information and belief F&M did not have the present intention of suing Plaintiff on the Account at the time the text messages described above were communicated to her and her father.

26. The threats to "fil[e] a judgment" mispresented the character, amount or legal status of the Account (a debt).

27. The threats to "fil[e] a judgment" mispresented the nature of the services rendered by F&M.

28. The threats to "fil[e] a judgment" implied that Plaintiff would be subjected to involuntarily collection methods such as seizure, garnishment, attachment, etc.

29. As of the filing of this Complaint, F&M has not filed any lawsuits against Plaintiff on the Account.

30. By making all of the statements described above, F&M directly or impliedly stated that that a lawsuit had been filed or imminently would be filed against Plaintiff.

31. The statements described above would cause the least sophisticated consumer to believe that a lawsuit had been filed or imminently would be filed against him or her.

32. F&M did not have Plaintiff's consent to discuss the Account with Plaintiff's father.

33. F&M's collection practices caused Plaintiff to suffer fear, anxiety, stress, sleeplessness, mental anguish, mild depression, embarrassment and/or distraction from normal life.

34. F&M did not inform Plaintiff of Plaintiff's right to dispute the debt and/or request validation of the debt.

35. In the text messages described above, F&M did not inform Plaintiff that it was a debt collector or that it was attempting to collect a debt or that any information obtained would be used for the purpose of debt collection.

36. F&M's sole purpose for making the statements was to intimidate Plaintiff into making a payment on the Account.

37. On information and belief, F&M sent text messages substantially similar to the text messages described above to many residents of Texas and other states as well.

38. The text messages described above each constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

39. The only reason that F&M and/or its representative(s), employee(s) and/or agent(s) sent text messages to Plaintiff was to attempt to collect the Account.

40. The communications each individually conveyed information regarding the Account directly or indirectly to Plaintiff.

41. F&M's purpose for the communications described above was to attempt to collect the Account.

42. The only reason that F&M and/or representative(s), employee(s) and/or agent(s) of F&M had communication with Plaintiff was to attempt to collect the Account.

43. The only reason that F&M and/or representative(s), employee(s) and/or agent(s) of F&M had communication with Plaintiff was to attempt to collect the Account.

44. All of the act(s) and omission(s) by F&M and/or its employees and/or agents alleged in the preceding paragraphs were done knowingly and willfully by F&M.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all persons located in the State of Texas where the individuals are an alleged obligor on a debt that F&M attempted to collect in the one year prior to the filing of this Complaint and that was incurred primarily for personal, family or household purposes, and where:

    a. the individuals received one or more text messages from F&M and

        i. where such text message(s) stated, directly or impliedly, that the sender of the text message was filing a judgment when the sender had no intention or ability to file a judgment at the time the text message was sent; and/or

    ii. where such text message(s) failed to inform the individual that the communication was an attempt to collect a debt; and/or

    iii. where such text message(s) failed to inform the individual that any information obtained from the consumer would be used for the purpose of debt collection; and/or

    iv. where such text message(s) failed to inform the consumer that the sender was a debt collector; and/or

    v. where such text message(s) did not inform the individual of the individual's right to dispute, or to request validation of, the debt in question either in the first communication or in writing within five days of the first communication with the individual;

or

  b. a third-party person (someone other than the individual allegedly obligated on the debt) received one or more text messages from F&M in which F&M informed the third-party of the individual's name and the existence of the debt being collected and F&M did not have consent from the individual to communicate account information to the third-party person.

46. Excluded from the Class are F&M, all other defendants named herein, the officers and directors of F&M, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which F&M has or had a controlling interest.

47. The Class is so numerous that joinder of all members is impracticable.  The exact number of class members of the Class is unknown to Plaintiff at this time and can only be ascertained

through appropriate discovery. The Class is ascertainable in that the names and address of all members of the Class can be identified in business records maintained by F&M.

48. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct, practices and procedure on the part of F&M and Plaintiff has suffered substantially similar injuries as each member of the Class.

49. Plaintiff has retained counsel experienced and competent in class action litigation.

50. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

51. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that F&M has acted on grounds generally applicable to the entire Class. Among the issues of law and fact common to the Class are:

  a. F&M's violations of 15 U.S.C. § 1692 *et seq.* as alleged herein;

  b. F&M's violations of Tex. Fin. Code § 392.001, et seq. as alleged herein;

  c. F&M's conduct particular to the matters at issue was identical or substantially similar; and

  d. The availability of statutory penalties.

## **RESPONDEAT SUPERIOR**

52. The representative(s) and/or collector(s) at F&M were employee(s) and/or agents of F&M at all times mentioned herein.

53. The representative(s) and/or collector(s) at F&M were acting within the course of their employment at all times mentioned herein.

54. The representative(s) and/or collector(s) at F&M were under the direct supervision and control of F&M at all times mentioned herein.

55. The actions of the representative(s) and/or collector(s) at F&M are imputed to their employer, F&M.

## **COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY FOSTER AND MONROE LLC**

56. The previous paragraphs are incorporated into this Count as if set forth in full.

57. The act(s) and omission(s) of F&M and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(c)(b) and 15 U.S.C. §1692d generally and §1692d(2) specifically and §1692e generally and specifically §1692e(2)&(3)&(4)&(5)&(8)&(10)&(11) and §1692g(a).

58. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from F&M.

## **COUNT II: VIOLATIONS OF THE TEXAS FINANCE CODE BY FOSTER AND MONROE LLC**

59. The previous paragraphs are incorporated into this Count as if set forth in full.

60. The act(s) and omission(s) of F&M and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.301(a)(7) and §392.302(1) and §392.304(a)(4)&(5)&(6)&(8)&(14)&(16)&(17)&(19).

61. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from F&M.

62. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against F&M enjoining it from future violations of the Texas Finance Code as described herein.

### COUNT III:  IMPUTED LIABILITY OF USFIC CASUALTY INSURANCE COMPANY FOR LIABILITY OF F&M ASSETS, LTD.

63. The previous paragraphs are incorporated into this Count as if set forth in full.

64. The act(s) and omission(s) of F&M and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.301(a)(7) and §392.302(1) and §392.304(a)(4)&(5)&(6)&(8)&(14)&(16)&(17)&(19) are imputed to USFIC pursuant to Tex. Fin. Code § 392.102.

65. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from USFIC.

### JURY TRIAL DEMAND

66. Plaintiff is entitled to and hereby demands a trial by jury.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

67. Judgment in favor of Plaintiff and all members of the Class against F&M as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

    e. An injunction permanently enjoining it from future violations of the Texas Finance Code as described above, pursuant to Tex. Fin. Code §392.403(1);

    f. Such other and further relief as the Court deems just and proper.

68. Judgment in favor of Plaintiff and all members of the Class against USFIC as follows:

   a. Damages and reasonable attorney's fees and costs to the extent permitted by Tex. Fin. Code § 392.403;

   b. Such other and further relief as the Court deems just and proper.

                                Respectfully submitted,

                                /s/ Jeffrey D. Wood
                                Jeffrey D. Wood, Esq.
                                ArkBN: 2006164
                                The Wood Firm, PLLC
                                11610 Pleasant Ridge Rd.
                                Suite 103, Box 208
                                Little Rock, AR  72223
                                TEL:  682-651-7599
                                FAX:  888-598-9022
                                EMAIL:  jeff@jeffwoodlaw.com
                                Attorney for Plaintiff