IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SAPPHIRE REID,<br>    *Plaintiff,*<br><br>v.<br><br>FOSTER AND MONROE LLC, UNITED STATES FIRE INSURANCE COMPANY,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-21-CV-01128-XR |

## ORDER

On this date, the Court considered the status of this case. On February 15, 2022, the Court issued a show cause order, finding that this cause of action was commenced by the filing of Plaintiff's complaint on November 15, 2021. ECF No. 4; *see also* ECF No. 1 (complaint). The Court noted that, even though over 90 days had passed since that filing, there was no record that the defendants named by Plaintiff in this case have been served or have agreed to waive service. ECF No. 4, at 1.

Rule 4(c) of the Federal Rules of Civil Procedure provides in pertinent part: "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1). Proof of service must be made to the court by filing the server's affidavit. FED. R. CIV. P. 4(l)(1). Rule 4 further provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

1

FED. R. CIV. P. 4(m). The Court therefore ordered Plaintiff to show cause in writing on or before March 17, 2022, why this case should not be dismissed under Rule 4(m). ECF No. 4, at 2. The Court cautioned Plaintiff that "[f]ailure to respond by that date will result in this case being dismissed." *Id.*

To date, Plaintiff has failed to timely respond to the Court's show cause order. Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). A district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court's authority to dismiss a case for failure to prosecute is based on the Court's inherent authority to manage and administer its own affairs to ensure the orderly and expeditious disposition of cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Plaintiff's failure to file a response to the Court's show cause order indicates she no longer wishes to pursue the case.

Accordingly, the Court hereby **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint (ECF No. 1) pursuant to FED. R. CIV. P. 41(b) for failure to prosecute and for failure to comply with the Court's show cause order. *See* FED. R. CIV. P. 41(b).

The Clerk's Office is **DIRECTED** to enter final judgment and to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this March 18, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE